## PEOPLE v. VANDERAH.

1. CRIMINAL LAW—DRUNK DRIVING—BLOOD TEST—ADMISSIBILITY.
   Results of blood test consented to by defendant charged with operating a motor vehicle under the influence of intoxicating liquor are admissible in evidence by statute (CLS 1961, § 257-.625; § 257.625a, as amended by PA 1964, No 104).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Automobiles and Highway Traffic § 332; 21 Am Jur 2d, Criminal Law § 365; 29 Am Jur 2d, Evidence §§ 370, 830.
[2] 58 Am Jur, Witnesses §§ 674, 675, 767, 770, 774, 776, 781.
[3] 7 Am Jur 2d, Automobiles and Highway Traffic § 330.

2. SAME—EVIDENCE—IMPEACHMENT—TRANSCRIPT—AUTHENTICATION.
   Trial court ruling prohibiting defendant from impeaching a
   witness at his trial for operating a motor vehicle under the
   influence of intoxicating liquor by use of an unauthenticated
   transcript from another trial *held*, proper (CLS 1961, § 257-
   .625).

3. SAME—PAST DRIVING RECORD—INTOXICATING LIQUOR.
   Bringing out of defendant's past driving record on cross-exam-
   ination of him at his trial for operating a motor vehicle under
   the influence of intoxicating liquor *held*, proper (CLS 1961,
   § 257.625).

Appeal from Wayne, Farmer (Charles S.), J. Submitted Division 1 June 6, 1968, at Detroit. (Docket No. 4,070.) Decided June 24, 1968.

Robert William Vanderah was convicted of operating a motor vehicle while under the influence of intoxicating liquor. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Russell W. Schmidt,* Wayne City Attorney, for the people.

*David H. Fried* and *Martin S. Baum,* for defendant.

PER CURIAM. Defendant was convicted of operating a motor vehicle while under the influence of intoxicating liquor. CLS 1961, § 257.625 (Stat Ann 1960 Rev § 9.2325). He contends that the results of a consented-to blood test were inadmissible over his objection; that the trial court improperly prohibited defendant from impeaching a witness by use of an unauthenticated transcript from another trial and that defendant's prior driving record was erroneously brought out on his cross-examination.

CLS 1961, § 257.625a, as amended by PA 1964, No 104 (Stat Ann 1967 Cum Supp § 9.2325[1]) authorizes the admission in evidence of the results of such a test. The trial court's rulings on the impeachment question and on defendant's past driving record were proper.

Affirmed.

Quinn, P. J., and Fitzgerald and J. H. Gillis, JJ., concurred.